a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| SYLVESTER SMITH, Petitioner | CIVIL ACTION NO. 1:17-CV-1189-P |
| VERSUS | JUDGE DEE D. DRELL |
| WARDEN, Respondent | MAGISTRATE JUDGE PEREZ-MONTES |

REPORT AND RECOMMENDATION

Before the Court is a petition for writ of habeas corpus (28 U.S.C. § 2241) filed by pro se Petitioner Sylvester Smith ("Smith") (#07375-095). Smith is an inmate in the custody of the Federal Bureau of Prisons ("BOP"), incarcerated at the Federal Correctional Institution in Pollock, Louisiana. Smith challenges the calculation of his sentence by the BOP.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the Court.

I. Background

Smith pled guilty and was convicted of conspiracy to distribute and possess with the intent to distribute five kilograms or more of cocaine, and two counts of unlawful use of communications facilities. (3:15-cr-0083, M.D. La.). Smith was sentenced to a term of 120 months of imprisonment. (3:15-cr-0083, Doc. 982, M.D. La.).

At the sentencing, Smith's attorney made a verbal request that Smith receive credit for 609 days that he had served on an offense in the 18th Judicial District Court, which was considered relevant conduct. (3:15-cr-0083, Doc. 961, M.D. La.). The Court verbally granted the request and ordered that Smith receive 609 days credit toward his federal sentence. (3:15-cr-0083, Doc. 961, M.D. La.).

Smith notified his attorney that the BOP had not given Smith credit for the 609 days as ordered by the sentencing judge. Because the judgment did not reflect the judge's ruling regarding the 609 days of credit, Smith's attorney filed a motion to correct a clerical error. (3:15-cr-0083, Doc. 961, M.D. La.). The court issued an amended judgment that stated:

> The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of: 120 months on count 1, and 48 months on each of counts 24 and 25, to run concurrently.
> **Pursuant to USSG § 5G1.3 and § 5K2.23, the defendant is to receive 609 days of credit toward this 120 months sentence, for time he served under Docket No. 122382 for the offense of possession of cocaine, 18th Judicial District Court, Port Allen, Louisiana.**
> It is further recommended any future sentences for the following: Stop When Traffic Obstructed, Expired Driver's License, Driving Under Suspension, and Possession of Marijuana, Baton Rouge City Court - Docket No. 08-CR-038345S; Speeding 21-30 MPH Over Limit, Baton Rouge City Court - Docket No. BR01903284; Possession of a Schedule II Drug-Codeine, Use of a Firearm While in Possession of a Controlled Dangerous Substance, and Convicted Felon Carrying a Weapon, 32nd Judicial District Court, Houma, Louisiana - Docket No.09-FELY-557901; Drug Financial Transaction, 32 Judicial District Court, Houma, Louisiana - Docket No. J- 01756-09; Following too Closely, Reckless Operation of a Motor Vehicle, Flight From an Officer, Speeding, Failure to Stop at a Stop Sign, No Passing Zones, Improper Turn, No Headlights, Unattended Motor Vehicle, Blocking of Private Driveways, Highways and Department Right of Way, and Driving Under Suspension, 23rd Judicial District Court, Gonzales, Louisiana - Docket No. 29615; Possession With the Intent to Distribute Schedule I Controlled

>   Dangerous Substance, Possession With the Intent to Distribute Schedule II, 2 counts, Unlawful Use or Possession of Body Armor, and Transactions Involving Proceeds From Drug Offenses, 23rd Judicial District Court - Docket No.: 29614, be served concurrently.

(3:15-cr-0083, Doc. 982, M.D. La.) (emphasis added).

## II. Law and Analysis

The BOP denied Smith's request for "609 days of credit toward this 120 month sentence," as written in the judgment. The BOP determined that awarding the credit ordered by the sentencing judge was prohibited by 18 U.S.C. § 3585(b). Likewise, the probation officer informed the BOP that the credit could not be honored by the BOP "based on current case law and downward departures for mandatory minimum cases." (Doc. 1, pp. 38-39).

Pursuant to § 3585(b), the BOP cannot give credit for prior periods of incarceration that have already been credited against another sentence. Thus, the BOP is precluded from awarding the credit Smith seeks. See United States v. Wilson, 503 U.S. 329, 337 (1992) (§ 3585(b) made clear that a defendant could not receive a double credit for his detention time).

Sections 5G1.3 and 5K2.23 of the United States Sentencing Guidelines authorize the sentencing court to depart downward in certain circumstances. Although the sentencing judge mentions §§ 5G1.3 and 5K2.23 in the judgment, the judge did not issue a downward departure in the term of imprisonment. The judge did not impose a 100-month sentence, which would have credited Smith the 609 days. Rather, the judge ordered Smith to serve 120 months of imprisonment, which is the

statutory mandatory minimum for conspiracy to distribute and possess with the intent to distribute five kilograms or more of cocaine. See 21 U.S.C. § 841.

The BOP is precluded by law from crediting Smith the 609 days because it was time that was credited toward another sentence. See 18 U.S.C. § 3585(b).

To the extent that Smith argues he should have received a sentence below the statutory mandatory minimum, his claim challenges the validity of the sentence and must be raised in a § 2255 petition in the sentencing court.

### III. Conclusion

For the foregoing reasons, IT IS RECOMMENDED that Smith's § 2241 petition be DENIED and DISMISSED WITH PREJUDICE.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed.R.Civ.P. 72(b), parties aggrieved by this Report and Recommendation have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. No other briefs (such as supplemental objections, reply briefs, etc.) may be filed. Providing a courtesy copy of the objection to the undersigned is neither required nor encouraged. Timely objections will be considered by the District Judge before a final ruling.

Failure to file written objections to the proposed findings, conclusions, and recommendations contained in this Report and Recommendation within fourteen (14) days from the date of its service, or within the time frame authorized by Fed.R.Civ.P.

6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Judge, except upon grounds of plain error.

THUS DONE AND SIGNED in chambers in Alexandria, Louisiana, this __8th__ day of January, 2018.

_____
Joseph H.L. Perez-Montes
United States Magistrate Judge